IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 7:17-cr-00011 |
| v. ) | |
| ) | By: Michael F. Urbanski |
| BRIAN DOMINIQUE MUSE, ) | Chief United States District Judge |
| Defendant-Petitioner. ) | |

## ORDER

This matter comes before the court on Brian Dominique Muse's pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Mot., ECF No. 124. The Federal Public Defender did not supplement Muse's pro se request. Notice, ECF No. 128. The government opposes it. Mem. in Opp'n, ECF No. 131. Because Muse's motion is founded on his susceptibility to severe illness from COVID-19 and he refused a COVID-19 vaccine when offered one by the Bureau of Prisons, the court will **DENY** his motion.

### I.

On May 30, 2017, Muse pleaded guilty to possession with the intent to distribute a mixture containing heroin and possession of a firearm in furtherance of a drug trafficking crime. Plea Agreement, ECF No. 41. Muse was subsequently sentenced to 87 months of incarceration. Am. J., ECF No. 62. Muse is currently housed at FCI Gilmer and has a projected release date of April 11, 2023.[1]

Muse seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic constitutes an "extraordinary and compelling" reason warranting a

---

[1] Fed. Bureau of Prisons, Find an inmate., https://www.bop.gov/inmateloc/ (last visited June 4, 2021) (search "Brian Muse").

sentence reduction. Muse asserts that because of his underlying health conditions, including hypertension, bronchitis, and obesity, Muse is at an increased risk of severe illness should he contract the COVID-19 virus. Mot., ECF No. 124, at 2–3. The government opposes any sentence reduction for Muse, primarily because Muse declined the COVID-19 vaccine when offered one. Mem. in Opp., ECF No. 131. Muse replied to the government's opposition, explaining that he declined the vaccine due to his concerns about its efficacy and safety, but would be open to taking it if he were able to conduct more research about it. Reply, ECF No. 135, 1–2. This matter is fully briefed and ripe for disposition.[2]

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act ("FSA"), authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[2] The court dispenses with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

Accordingly, Muse's requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The parties do not contest that Muse has exhausted his administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A). Accordingly, the court finds that Muse has satisfied the statute's exhaustion requirements.

The court must next consider if it should "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A). The U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.13 application notes state that "extraordinary and compelling reasons" exist where (A) the defendant is suffering from a terminal or serious medical condition; (B) the defendant is over 65 years old, has failing health, and has served at least ten years or 75 percent of his sentence, whichever is less; (C) the caregiver of the defendant's minor child dies or becomes incapacitated, or the defendant's spouse or partner becomes incapacitated and the defendant is the only available caregiver; or (D) as determined by the Director of the BOP, for "other reasons" than, or in combination with, those described in Application Notes (A)-(C). Id. at cmt. n. 1(A)-(D).

During the COVID-19 pandemic, this court has found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease and a particularized risk of contracting the disease at his prison facility. According to the Centers for Disease Control and Prevention, studies show that the "COVID-

3

19 vaccines are effective at keeping you from getting COVID-19" and "will also help keep you from getting seriously ill even if you do get COVID-19."[3]

Muse was offered a COVID-19 vaccine and refused it. Medical Records, ECF No. 131-3, at 28. Muse's refusal undermines his contention that possible exposure to the pandemic justifies compassionate release. Though he has the right to refuse medical treatment due to concerns about its efficacy and safety, the refusal to take preventive measures addressing the concern at the heart of his motion is not consistent with a sentence reduction.[4] Accordingly, Muse has not demonstrated that there are "extraordinary and compelling reasons" to warrant a sentence reduction under § 3582(c)(1)(A) and the court must deny his motion.[5]

### III.

For the reasons stated herein, the court will **DENY** Muse's motion for compassionate release, ECF No. 124. The clerk is directed to send a copy of this order to the petitioner, his counsel of record, and the United States.

It is so **ORDERED**.

Entered:  June 7, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.06.07 17:03:42
-04'00'

Michael F. Urbanski
Chief United States District Judge

---

[3] Ctrs. for Disease Control and Prevention, Key Things to Know About COVID-19 Vaccines, (updated May 23, 2021) https://www.cdc.gov/coronavirus/2019-ncov/vaccines/keythingstoknow.html?s_cid=10490:covid%20vaccination:sem.ga:p:RG:GM:gen:PTN:FY21.

[4] See, e.g., United States v. McBride, No. 5:19-CR-00007, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021) (denying request for compassionate release where petitioner refused vaccine); United States v. Lohmeier, No. 12 CR 1005, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) (same); United States v. Williams, No. CR-17-01279-001, 2021 WL 321904, at *3 (D. Ariz. Feb. 1, 2021) (same); United States v. Gonzalez Zambrano, No. 18-CR-2002, 2021 WL 248592, at *5 (N.D. Iowa Jan. 25, 2021) (similar).

[5] Because the court finds that Muse has not presented extraordinary and compelling reasons to warrant a reduction in his sentence, it need not determine if the § 3553(a) factors weigh in favor of his release.